Filed 6/23/22  In re L.S. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re L.S., a Person Coming Under the Juvenile Court Law. | B311220<br><br>(Los Angeles County<br>Super. Ct. No. 18CCJP07438A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>L.S.,<br><br>　　　Defendant and Appellant. | |

THE COURT:

L.S. (mother) appeals from the juvenile court's order terminating its jurisdiction over L.S. (L.S.), her 11-year-old son.

The court had exerted dependency jurisdiction over him due to mother's abuse in repeatedly encouraging L.S. to lie to doctors, social workers, and police by telling them that father was mistreating him. After reviewing the juvenile court record, mother's court-appointed counsel informed this court she could not find any arguable issues to raise on mother's behalf. Counsel advised mother that she could seek permission from us to file a brief raising any contentions or arguments she wished us to consider. (*In re Phoenix H.* (2009) 47 Cal.4th 835.)

Mother filed a one-page letter brief in which she argues that (1) the juvenile court's August 2019 jurisdictional order was defective, and (2) her counsel on appeal did not properly consult with her before filing the *Phoenix H.* brief. As discussed below, it is too late for mother to raise defects with the jurisdictional order because the opportunity to do so long ago expired; mother may also not challenge her appellate attorney's representation on the basis of extra-record evidence in this appeal. Finding no merit to mother's contentions, we affirm the juvenile court's orders.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mother and M.A. (father) married in 2009, and divorced in 2014.

L.S. was born in July 2010.

After a protracted custody battle in family court, the trial court found that mother was willfully impeding father's ability to bond with L.S. and, on that basis, awarded father full legal and physical custody of L.S. That order was affirmed on appeal. (*Aadam v. Suttle* (June 27, 2016, B263894) [nonpub. opn.].)

In late 2018, mother repeatedly reported to doctors and law enforcement that L.S. was being abused while in father's custody; specifically, mother reported that father was feeding L.S. foods to

2

which L.S. had severe allergic reactions and that father's new wife was striking L.S. None of this was true. Instead, mother was instructing L.S. to lie to the doctors, law enforcement officials and social workers who interviewed him; when he resisted, mother yelled at him.

In November 2018, the Los Angeles Department of Children and Family Services (the Department) filed a petition asking the juvenile court to exert dependency jurisdiction over L.S. because mother's conduct in cajoling him into repeatedly lying created a detrimental environment for the child, placing him at risk of serious harm and damage and thereby rendering jurisdiction appropriate under Welfare and Institutions Code section 300, subdivision (b).

Mother denied ever encouraging L.S. to lie.

On August 29, 2019, the juvenile court held a contested jurisdictional and dispositional hearing. The court sustained the sole allegation in the petition, declared L.S. to be a dependent, found father to be nonoffending, and removed L.S. from mother's custody. The court ordered the Department to provide father (as the parent having physical custody of L.S.) with family maintenance services, and to provide mother with enhancement services.

On May 6, 2020, mother filed a notice of appeal from the August 2019 jurisdictional and dispositional orders. That appeal was dismissed on June 15, 2020.

On December 11, 2020, the juvenile court held a contested hearing on whether to terminate jurisdiction under section 364, the section applicable when a child remains in the custody of one of his parents. The court terminated jurisdiction, with instructions to prepare an order awarding father full legal and

3

physical custody of L.S., with mother to have the right to unmonitored visitation twice a week for two hours per visit.

On March 24, 2021, mother filed a notice of appeal purporting to appeal from the order terminating jurisdiction as well as the August 2019 jurisdictional and dispositional hearings.

## DISCUSSION

In her letter brief, mother makes what boil down to two arguments.

First, mother argues that the juvenile court's August 2019 jurisdictional and dispositional orders are invalid because (1) she was not permitted to cross-examine the social workers, and this was prejudicial because, in her view, it is well documented that social workers regularly perjure themselves when filing their written reports; (2) her appointed counsel was constitutionally ineffective for not insisting upon cross-examining the pertinent social workers; and (3) there was insufficient evidence to support the juvenile court's jurisdictional and dispositional findings.

It is too late for mother to raise these arguments. Where a parent had an opportunity to contest the juvenile court's jurisdictional and dispositional orders in a prior appeal, the parent is barred from doing so in a *subsequent* appeal. (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811; *In re Matthew C.* (1993) 6 Cal.4th 386, 393, superseded by statute on other grounds as stated in *People v. Mena* (2012) 54 Cal.4th 146, 156-157; *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 259.) That is because, by the time of the subsequent appeal, the jurisdictional and dispositional orders have become final; the doctrine of res judicata bars nearly all collateral attacks on them. (*Matthew C.*, at p. 393; *Steve J.*, at p. 811.) Here, mother had the opportunity to appeal the August 2019 jurisdictional and

4

dispositional orders; indeed, she *did* appeal them, but that appeal was dismissed. Those orders are final now, and mother may not collaterally attack them.

The doctrine of res judicata does not bar a collateral attack on the ground that the prior order was *void*—that is, when the juvenile court lacked "fundamental jurisdiction" over the subject matter or the parties involved. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661; *Pacific Mutual Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 725.) However, none of mother's claims—that she was denied due process because she was not permitted to cross-examine the social workers, that her appointed counsel was ineffective, or that the evidence was insufficient—call into question the juvenile court's fundamental jurisdiction. (See *Ingrid E. v. Superior Court* (1999) 75 Cal.App.4th 751, 756-757 [right to due process during dependency proceedings includes right to cross-examine witnesses]; *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 99 [denial of due process due to lack of a contested hearing, and not following the prescribed procedures, does not deprive a court of fundamental jurisdiction].)

Second, mother argues that her appointed counsel on appeal was ineffective because she did not inform mother that she was going to file a *Phoenix H.* brief until the brief was already filed. The record is to the contrary. (Declaration of Atty., ¶ 3.) To the extent mother wishes to supplement the record with additional facts, that is beyond the scope of what we may consider on appeal. In any event, we conclude that any ineffectiveness was not prejudicial to mother because, as we have concluded from considering mother's arguments and independently reviewing the record, appellate counsel is correct

that there is no basis to challenge the juvenile court's order terminating jurisdiction over L.S.

## DISPOSITION

The juvenile court's orders are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI , P. J.,                CHAVEZ, J.,                HOFFSTADT, J.